UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE HEALY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-01802-JD<br><br>**ORDER RE REMAND**<br>Re: Dkt. No. 10 |

Plaintiffs Kyle and Michael Healy originally filed this lawsuit in the California Superior Court for the County of Santa Clara. They allege that they bought a defective car manufactured and sold by defendants FCA US LLC and Seaside Chrysler Dodge Jeep RAM ("Seaside"), and state a single claim for breach of the implied warranty of merchantability under the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1790 *et seq*. Dkt. No. 1-4. FCA removed the action to this Court on diversity grounds. Dkt. No. 1. Plaintiffs have asked for the case to be remanded to state court because they and Seaside are citizens of California -- plaintiffs live in San Jose, California, and Seaside sells cars in Monterey, California. Dkt. No. 10. Defendants say that Seaside should be disregarded for diversity purposes on fraudulent joinder grounds, or as a matter of discretion under Federal Rule of Civil Procedure 21. Dkt. No. 12.

The Court found the remand motion suitable for decision without oral argument. Dkt. No. 20. The complaint was removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c). While the Court has concerns about the propriety and reasonableness of removal here, it declines to award costs and fees.

**BACKGROUND**

As alleged in the complaint, plaintiffs purchased a new 2016 Ram truck from Seaside in September 2016. Dkt. No. 1-4 ¶ 8. The truck came with an implied warranty of merchantability

and fitness, in "which the [defendants] undertook to preserve or maintain the utility or performance of [the] vehicle or provide compensation if there was a failure of such utility or performance." *Id*. ¶¶ 9, 17. Plaintiffs say that the vehicle had defects and nonconformities in the engine and coolant system that emerged after they took delivery. *Id*. ¶ 10. They also allege that they brought the car back to defendants for repairs on several occasions, without success. *Id*. ¶¶ 19-21.

**DISCUSSION**

The parties agree that plaintiffs and FCA are of diverse citizenship, and that the amount in controversy is $75,000 or more. The main issue for remand is whether Seaside was fraudulently joined as a defendant in that plaintiffs have no real "intention" of litigating against it, as FCA contends. *See* Dkt. No. 12 at 4.

FCA's speculation about plaintiffs' intentions is no basis for finding fraudulent joinder or diversity jurisdiction. As in all federal cases, the foundational principle here is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal is appropriate only when a case presents a federal question, or involves diversity of citizenship and meets the statutory amount in controversy. 28 U.S.C. §§ 1331, 1332. There is a strong presumption against removal, and the removal statute is strictly construed against finding federal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts about the propriety of removal should be resolved in favor of a remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). The defendant always bears the burden of demonstrating that removal was proper. *Gaus*, 980 F.2d at 566.

FCA removed on the basis of diversity of citizenship under Section 1332. This requires complete diversity, which means that each plaintiff must have a different citizenship from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). FCA agrees that the plaintiffs and

1  Seaside are not diverse. Dkt. No. 12. Consequently, FCA can remove under Section 1332 only if
2  it establishes that Seaside was fraudulently joined. *Grancare, LLC v. Thrower by and Through*
3  *Mills*, 889 F.3d 543, 548 (9th Cir. 2018). If so, the presence of Seaside as a non-diverse party can
4  be disregarded and not counted against diversity jurisdiction. *Morris v. Princess Cruises, Inc.*,
5  236 F.3d 1061, 1067 (9th Cir. 2001).

6  The Court extensively discussed fraudulent joinder in *Geisse v. Bayer Healthcare Pharm.,*
7  *Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854 (N.D. Cal. Mar. 18, 2019), and the same principles
8  fully apply here. In summary, there is a "'general presumption against [finding] fraudulent
9  joinder,'" which compounds the independent presumption against removal in all cases under
10 Section 1332, and imposes a particularly heavy burden on the defendant to prove. *Id.* at *2
11 (quoting *Grancare*, 889 F.3d at 548) (alteration in *Grancare*) (internal citation omitted). A
12 defendant may establish fraudulent joinder by showing actual fraud in pleading jurisdictional
13 facts, or that the plaintiff failed to state a claim against the non-diverse defendant. *Id*. Under the
14 claim test, the action must be remanded if there is any possibility that a state court would find that
15 the plaintiff stated a cause of action against any non-diverse defendant. *Id.*

16 Our circuit has emphasized that a "possibility" means just that -- whether "there is a
17 '*possibility* that a state court would find that the complaint states a cause of action against any of
18 the [non-diverse] defendants.'" *Id.* (quoting *Grancare*, 889 F.3d at 549) (alteration and emphasis
19 in *Grancare*) (internal citation omitted). This is a lower standard than plausibility under Rule
20 12(b)(6) for failure to state a claim, and so the joinder of a non-diverse party will not necessarily
21 be deemed fraudulent even if the claim could be dismissed. *Id.* In effect, the "possibility"
22 standard is akin to the "'wholly insubstantial and frivolous standard for dismissing claims under
23 Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the
24 trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "'the
25 federal court must find that the joinder was proper and remand the case to state court.'" *Id.*
26 (quoting *Hunter v. Philip Morris, USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

27 "The defendant has some leeway to present facts outside the complaint, but the complaint
28 is usually the best guide in determining whether joinder was fraudulent, and in any event the

defendant must prove fraudulent joinder by clear and convincing evidence." *Id.*; *see also Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

As these well-established standards make clear, the question of a remand turns on the viability of plaintiffs' state law claim under the Song-Beverly Act. It does not depend on plaintiffs' litigation "intentions," as FCA urges. Defendants do not seriously dispute that plaintiffs can bring a claim against Seaside for a violation of the Song-Beverly Act. The elements for the claim are: "(1) the [vehicle] was not fit for ordinary purposes, (2) [plaintiff] was injured, and (3) the injury was proximately caused by the alleged breach of the implied warranty." *Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1247 (2018). Plaintiffs plausibly allege just that against Seaside, and defendants have not shown that a California state court would find the claim foreclosed without any possibility of going forward.

That is enough to conclude that Seaside was not fraudulently joined and that the removal was improvident. Defendants' mention of an arbitration clause in the car purchase agreement does not point to a different conclusion. Whether plaintiffs' case is subject to arbitration is a wholly distinct inquiry from the existence *vel non* of federal diversity jurisdiction for removal purposes.

Defendants' request that the Court sever and dismiss Seaside under Rule 21 is also misdirected. The decision to sever a defendant for jurisdictional purposes is entrusted to the Court's sound discretion, and is by no means required or mandatory. *See Mendoza v. Nordstrom*, 865 F.3d 1261, 1266 (9th Cir. 2017); *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). Defendants have not provided a good reason for the Court to interfere with plaintiffs' case by substituting its own judgment of who the defendants should be. In addition, the claim against FCA and Seaside is sufficiently intertwined, factually and legally, that severance would be inconvenient and inefficient. There are also the important considerations of federalism and comity, which counsel that a state law claim as alleged here ought to be heard in a state court.

The remaining issue is whether plaintiffs should be awarded their attorney's fees and costs they incurred for the remand proceedings, as they request. Dkt. No. 10 at 7. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees turns on

the "reasonableness of the attempted removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "Absent unusual circumstances," the Court may award attorney's fees under Section 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier*, 518 F.3d at 1065.

Put plainly, fees and costs will not be awarded just because a remand is granted. To be sure, there is some evidence, as plaintiffs suggest, that defendant automobile manufacturers like FCA frequently remove cases brought by dissatisfied customers on the same handful of arguments that have been rejected by the district courts. The Court has some concern that FCA has been playing this game, which could make the removal here objectively unreasonable. But the Court cannot say on the record currently before it that this is necessarily true, and so fees and costs are denied. FCA is advised that a different result on fees and costs may be reached in the next similar case.

## CONCLUSION

The complaint was removed improvidently and without jurisdiction, and is remanded to the Superior Court of California for the County of Santa Clara. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated: July 9, 2020

JAMES DONATO
United States District Judge